

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00231-CR

**RONNIE CURTIS SULLIVAN,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

―――――――――――

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. F50979**

## O P I N I O N

Ronnie Sullivan appeals from convictions for possession of a controlled substance with intent to deliver of at least four but less than 200 grams and possession of a controlled substance less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.112, 481.116. Sullivan complains that the trial court erred by overruling his objection to the jury panel, by denying his motion to suppress evidence, and by admitting evidence of a

positive drug test. Because we find no reversible error, we affirm the judgments of the trial court.

**JURY PANEL**

In his first issue, Sullivan complains that the trial court erred by overruling his objection to the jury panel because he was not provided access to the juror questionnaires and information until the morning of trial shortly before voir dire when the State had been given access to the list the day prior. The panel had been qualified and released to return the following day for voir dire. The panel's questionnaires were compiled by the district clerk's office, who gave a copy to the district attorney's office shortly after the panel was qualified. The questionnaires at issue contain biographical and other basic information required by the Government Code to accompany a juror summons. *See* TEX. GOV'T CODE ANN. § 62.0132.

Sullivan's attorney, who had left the courthouse after the panel was qualified to return to his office in another county, did not receive the list until he arrived at the trial the next morning. After discovering that the State had been in possession of the list for almost a day, Sullivan objected to the panel and asked that it be quashed. The trial court denied his motion but gave Sullivan a short period of extra time to review the questionnaires. Sullivan did not ask for extra time in order to review the questionnaires or complain that the time allowed by the trial court was insufficient. Sullivan's complaint is that the entire panel should have been discharged due to the alleged violation.

We have been unable to find any authority regarding this issue and the only authority to which Sullivan cites relates to questions allowed to be asked during voir dire pursuant to the Sixth Amendment. *See Franklin v. State*, 138 S.W.3d 351 (Tex. Crim. App. 2004). Even if we were to find that there was some error, we do not agree that the appropriate remedy is to quash the jury panel. Under the facts of this proceeding, the granting of a continuance, if it had been requested, would have been more than adequate to ameliorate any potential harm. Sullivan has failed to make any showing that he was deprived of a fair trial or was denied the ability to ask any particular questions during the voir dire process. We do not find that the trial court's denial of Sullivan's motion to quash the jury panel was erroneous. We overrule issue one.

SUPPRESSION OF EVIDENCE

In his second issue, Sullivan complains that the trial court erred by finding that he voluntarily consented to a search of his vehicle by moving away from the door he was blocking to the rear of the vehicle. Sullivan had been approached by two law enforcement officers who were driving an unmarked car that was parked behind him pursuant to a consensual encounter at a Mobil gas station. A marked police vehicle then arrived with its rear emergency lights on, which caused the dash camera to record the encounter. That vehicle parked to the side, but in a manner that did not block the departure of Sullivan's vehicle. During the conversation, an officer asked Sullivan for permission to search his vehicle for "guns, dead bodies, or drugs." Sullivan was standing in the doorway of his

vehicle. The officer then asked if he could search the vehicle and if so, if Sullivan could move to the rear of his vehicle. Sullivan moved to the rear of the vehicle where a second officer was standing. The officer considered that he had consent to search the vehicle based on Sullivan's acquiescence and the lack of any verbal or physical action to indicate that he did not consent to the search. After the first officer began searching the vehicle, Sullivan admitted to the second officer standing at the rear of his vehicle that there were drugs in the car and where they were located. Sullivan filed a motion to suppress evidence claiming that the search was unlawful because he did not consent to it. The motion was denied by the trial court.

Under the Fourth and Fourteenth Amendments, a search conducted without a warrant based on probable cause is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011). One of those few exceptions is a search conducted pursuant to the person's voluntary consent. *Id.* The validity of a consent to search is a question of fact to be determined from all the circumstances. *Id.*

A person's consent to search can be communicated to law enforcement in a variety of ways, including by words, action, or circumstantial evidence showing implied consent. "But the Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force." *Id.* at 458-59. Furthermore, the State must prove by clear and convincing evidence that the consent was freely and

voluntarily given. *See Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). In determining that issue, we assess the totality of the circumstances from the point of view of an objectively reasonable person. *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012). And a myriad of indicia have been mentioned in precedent to guide our decision. They include such things as the length of the detention, the duration of the questioning, the repetitiveness of the questions, the appellant's awareness of his right to deny consent, and the psychological impact the questioning and circumstances had on the appellant. *Id*.

Additionally, because issues of consent are necessarily fact intensive, a trial court's finding of voluntariness must be accepted on appeal unless it is clearly erroneous. *Meekins*, 340 S.W.3d at 460. That is to say, "the party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id*. (*quoting State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)).

The officer testified and the video indicates that Sullivan moved to the rear of the vehicle when the officer asked for permission to search the vehicle. Sullivan testified that he moved to the rear because he felt that he did not have the option not to since it was four police officers that were telling him to do so. The officer who conducted the search testified that he did not act in a manner that was coercive and that Sullivan could have left at any time during the encounter. The officer further testified that if Sullivan had

informed them or acted in any way to show that he did not consent to the search that they would have stopped immediately. Giving the trial court the appropriate deference, our review of the record demonstrates that the trial court's finding that Sullivan consented to the search was not clearly erroneous. Therefore, the trial court's denial of Sullivan's motion to suppress evidence was not improper. We overrule issue two.

## ADMISSION OF EVIDENCE

In his third issue, Sullivan complains of the admission of a lab report that showed that he had tested positive for methamphetamine and amphetamine while he was out on bail for this case. At trial, Sullivan testified that he was not a methamphetamine user "at the current time." The State questioned him regarding a positive drug test result which he claimed was not accurate. The State then called a probation officer who had given Sullivan the test and explained that he had tested positive for the substances. When the State offered the lab report, Sullivan objected on the basis of hearsay and Rule 403 of the Rules of Evidence.

On appeal, Sullivan complains that the test results were not admissible because they were improperly used to impeach his testimony pursuant to Rule 609 of the Rules of Evidence. However, Sullivan did not object on this basis during the trial. To determine whether an error has been preserved under Rule 33.1 of the Rules of Appellate Procedure, the issue is whether the "complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal." *Martinez v. State*, 91 S.W.3d 331,

336 (Tex. Crim. App. 2002). Because Sullivan's complaint on appeal is not the same complaint he made to the trial court, he has not preserved this issue for our review and we will not address it. Sullivan's third issue is overruled.

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.



TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins[1]
Affirmed
Opinion delivered and filed March 18, 2020
Publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to Sections 74.003(a), 75.002, & 75.003. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.